# In the United States Court of Federal Claims

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
                                              *
RUTH R. MILLER,                               *
                                              *
                    Plaintiff,                *         No. 11-766C
                                              *
        v.                                    *         (Filed: October 3, 2012)
                                              *
THE UNITED STATES,                            *
                                              *
                    Defendant.                *
                                              *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

## OPINION

MARGOLIS, *Senior Judge*.

This matter comes before the Court on defendant's Motion to Dismiss in Part, filed May 3, 2012. At oral argument, plaintiff conceded to dismissal of Counts II and III. (*See* Transcript of September 11, 2012 Proceedings ("Transcript") at 8.) The Court now finds that it does not have subject-matter jurisdiction over Counts IV and V of plaintiff's Amended Complaint because plaintiff has failed to show that she served the federal government by contract rather than by appointment, the exclusivity provision in the collective bargaining agreement bars plaintiff from enforcing the agreement in this Court, and plaintiff is not a party to the collective bargaining agreement. Thus, the Court grants defendant's motion and dismisses Counts II-V.

## I. BACKGROUND

In her Amended Complaint, plaintiff Ruth R. Miller alleges that defendant, the United States, through the United States Department of Veterans Affairs ("VA"), employs her full-time at a VA hospital in Baltimore, Maryland as a radiology technician responsible for performing x-rays and other patient tests. She alleges that defendant requires her to stay at home on standby at certain times, during which defendant may page her to come to the hospital to provide patient care. She alleges that through discussions, she and defendant's representatives entered a contract for defendant to pay her an additional 25% of her salary for performing her standby duties, and that defendant did so for over a decade. Plaintiff alleges that nevertheless, in early 2008, defendant began decreasing her standby pay, and that in June 2011, defendant stopped paying it

entirely, even though plaintiff performed her full standby duties during this period. Plaintiff alleges further that her union and defendant entered a collective bargaining agreement (the "Master Agreement") covering plaintiff as an intended beneficiary, and that defendant violated the Master Agreement by reducing plaintiff's standby pay.

In her Amended Complaint, plaintiff asserts five claims based on defendant's failure to pay plaintiff's standby pay. Count I alleges that defendant violated Section 7 of the Fair Labor Standards Act. *See* 29 U.S.C. § 207. Counts II and III allege that defendant violated Maryland's wage laws. Count IV alleges that defendant breached its contract with plaintiff. Finally, Count V alleges that defendant breached the Master Agreement. Defendant moves to dismiss Counts II-V under RCFC 12(b)(1) and 12(b)(6), arguing that this Court lacks jurisdiction over each of these claims, and that Counts IV and V fail to state a claim on which relief can be granted.

## II. STANDARD FOR DISMISSAL UNDER RCFC 12(b)(1)

RCFC 12(b)(1) allows a party to move to dismiss a claim for lack of subject-matter jurisdiction. In ruling on a 12(b)(1) motion, the Court must assume that all undisputed facts in the complaint are true and must draw all reasonable inferences in the nonmoving party's favor. *Frederico v. United States*, 70 Fed. Cl. 378, 381 (2006). However, if the motion challenges the complaint's jurisdictional facts, the Court may consider relevant evidence beyond the pleadings to resolve the dispute, and the plaintiff cannot rely on the complaint's allegations, but must produce competent evidence establishing subject-matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army and Air Force Exchange Service*, 846 F.2d 746, 747-748 (Fed. Cir. 1988); *Frederico*, 70 Fed. Cl. at 381.

## III. STANDARD FOR DISMISSAL UNDER RCFC 12(b)(6)

RCFC 12(b)(6) allows a party to move to dismiss a claim for failure to state a claim on which relief can be granted. In ruling on a 12(b)(6) motion, the Court must assume that all well-pled factual allegations are true and draw all reasonable inferences in the nonmoving party's favor. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1314-1315 (Fed. Cir. 2006).

## IV. ANALYSIS

This Court has limited jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). To invoke it, a plaintiff must base his or her claim on a Constitutional provision, federal statute, federal regulation, or contract with the United States that requires the United States to pay money damages for a violation or breach – a "money-mandating source." 28 U.S.C. §

2

1491(a)(1);[1] *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007); *Brown*, 105 F.3d at 623.

## A. Plaintiff's State Claims (Counts II and III)

Defendant argues that the Court does not have jurisdiction over Counts II and III because it does not have jurisdiction over state-law claims. Plaintiff argued in her Opposition brief that the Court should hear Counts II and III to whatever extent it has supplemental jurisdiction. However, at oral argument, plaintiff conceded to dismissal of Counts II and III. (*See* Transcript at 8.)[2]

## B. Plaintiff's Claim for Breach of the Standby Pay Agreement (Count IV)

Defendant argues that Count IV fails to invoke this Court's jurisdiction and fails to state a claim on which relief can be granted because plaintiff has not alleged any facts or cited any statutes or regulations that would rebut the presumption that she serves the federal government by appointment rather than contract. Plaintiff argues that her Amended Complaint alleges that she and defendant entered into an employment contract related to her standby pay, and that this is sufficient to survive defendant's motion. Additionally, plaintiff has submitted personnel forms, earnings statements, and hiring documents showing that defendant paid her an additional 25% of her salary for her standby duties and how defendant calculated plaintiff's overtime and standby pay.

There is a presumption that federal employees hold their positions by virtue of appointment and derive the benefits and emoluments of those positions from the applicable statutes and regulations rather than from any contractual or quasi-contractual relationship with the government. *Hamlet v. United States*, 63 F.3d 1097, 1101-1102 (Fed. Cir. 1995); *Calvin v. United States*, 63 Fed. Cl. 468, 472 (2005); *Boston v. United States*, 43 Fed. Cl. 220, 225 (1999) (Margolis, J.) "[P]ublic employment does not, give rise to a contractual relationship in the conventional sense." *Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985) (quoting *Shaw v. United States*, 226 Ct. Cl. 240, 251 (1981)). Unless a federal employee can rebut this

---

[1] 28 U.S.C. § 1491(a)(1) provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . . .

[2] The Court notes that it does not have original or supplemental jurisdiction over state-law claims. *Sounders v. South Carolina Public Service Authority,* 497 F.3d 1303, 1307 (Fed. Cir. 2007); *Waltner v. United States*, 98 Fed. Cl. 737, 764-765 (2011), *aff'd*, 679 F.3d 1329 (Fed. Cir. 2012).

presumption, that employee cannot base his or her claim on an employment contract theory and will thus fail to invoke this Court's subject-matter jurisdiction. *Hamlet*, 63 F.3d at 1101-1102; *Chu*, 773 F.2d at 1229 (quoting *Shaw*, 226 Ct. Cl. at 251); *Frederico*, 70 Fed. Cl. at 386-387; *Boston*, 43 Fed. Cl. at 224-226.

To determine whether a federal employee serves by appointment or contract, the Court looks to the relevant statutory language, regulations, and hiring documents. *Frederico*, 70 Fed. Cl. at 384-385; *Calvin*, 63 Fed. Cl. at 472; *see also Hamlet* 63 F.3d at 1101-1102 (examining the record to make determination). Because it is a jurisdictional issue, an employee cannot rely on the allegations in the complaint, but must produce competent evidence that establishes service by contract by a preponderance of the evidence. *Reynolds*, 846 F.2d at 747-748; *Frederico*, 70 Fed. Cl. at 381; *Boston*, 43 Fed. Cl. at 226.

Here, plaintiff has not carried her burden in rebutting the presumption that she serves by appointment. 38 U.S.C. § 7401, titled "*Appointments* in Veterans Health Administration," provides: "[t]here may be *appointed* by the Secretary such personnel as the Secretary may find necessary for the health care of veterans . . . (3) . . . diagnostic radiologic technologists . . . ." (emphasis added).[3] Plaintiff has failed to explain why this statute does not make her an appointee. *See Frederico*, 70 Fed. Cl. at 379, 385-386 (plaintiff podiatric surgeon failed to rebut presumption of appointment where he failed to address § 7401). Nor has plaintiff identified any statutes or regulations that show that she serves by contract.

---

[3]     38 U.S.C. § 7401 provides:

> Appointments in Veterans Health Administration
>
> There may be appointed by the Secretary such personnel as the Secretary may find necessary for the health care of veterans (in addition to those in the Office of the Under Secretary for Health appointed under section 7306 of this title), as follows:
>   (1) Physicians, dentists, podiatrists, chiropractors, optometrists, registered nurses, physician assistants, and expanded-function dental auxiliaries.
>   (2) Scientific and professional personnel, such as microbiologists, chemists, and biostatisticians.
>   (3) Audiologists, speech pathologists, and audiologist-speech pathologists, biomedical engineers, certified or registered respiratory therapists, dietitians, licensed physical therapists, licensed practical or vocational nurses, nurse assistants, medical instrument technicians, medical records administrators or specialists, medical records technicians, medical technologists, dental hygienists, dental assistants, nuclear medicine technologists, occupational therapists, occupational therapy assistants, kinesiotherapists, orthotist-prosthetists, pharmacists, pharmacy technicians, physical therapy assistants, prosthetic representatives, psychologists, **diagnostic radiologic technologists**, therapeutic radiologic technologists, social workers, marriage and family therapists, licensed professional mental health counselors, blind rehabilitation specialists, blind rehabilitation outpatient specialists, and such other classes of health care occupations as the Secretary considers necessary for the recruitment and retention needs of the Department subject to the following requirements . . . .

(emphasis added).

Instead, plaintiff relies on: (1) her allegations that defendant's representatives orally agreed to pay plaintiff's standby pay and then did so for over a decade, and (2) her documents showing that defendant did in fact pay plaintiff the agreed standby pay for over a decade and how defendant calculated it. However, even if the Court takes these allegations as true and finds plaintiff's evidence to be credible, plaintiff still fails to rebut the presumption that she serves by appointment. Plaintiff must show more than simply that defendant promised her standby pay and followed through for a period of time, she must show that defendant hired her to serve by contract. *See Frederico*, 70 Fed. Cl. at 379, 386 (plaintiff's allegation that a VA official orally promised him a specific salary did not create subject-matter jurisdiction); *House v. United States*, 14 Cl. Ct. 32, 37 (1987) (policies in employee handbook and government's policies and procedures manual did not create a contract where they did not change the plaintiffs' status as appointees); *see also Boston*, 43 Fed. Cl. at 225-226 ("In this case, plaintiff attempts to do precisely what the courts in the above cited cases were unwilling to permit -- namely, to fashion an implied-in-fact contract from . . . a government official's promise . . . .")

To the contrary, plaintiff's evidence tends to show that she serves by appointment and received her standby pay under the statutes that govern that appointment. First, one of the hiring documents showing how defendant calculated plaintiff's overtime and standby pay, dated May 23, 1983, is titled: "FLSA OVERTIME PAY COMPUTATIONS FOR FEDERAL EMPLOYEES IN RECEIPT OF ANNUAL PREMIUM PAY FOR REGULARLY SCHEDULED STANDBY DUTY **UNDER TITLE 5** . . ." (Pl.'s Line, Ex. C, at 1 (emphasis added).) This appears to be a reference to 5 U.S.C. § 5545(c)(1), which authorizes agencies to pay employees annual premium pay of up to 25% of their basic pay rate for standby duties.[4] Second, a personnel form dated July 5, 1998, documenting an adjustment to plaintiff's premium pay, states: "*+25.0% PREM  *THIS ACTION EXEMPTS YOU FROM ON-CALL PREMIUM PAY UNDER 38 U.S.C." (Pl.'s Line, Ex. A, at 22.) This appears to be a reference to 38 U.S.C. § 7457, which authorizes the Secretary of Veterans Affairs to pay "on-call pay" to employees in the positions listed in 38 U.S.C. § 7401(3), but provides that employees eligible for both on-call pay and § 5545 premium standby pay are entitled to receive the greater of the two.

---

[4]     5 U.S.C. § 5545(c)(1) provides:

> (c) The head of an agency, with the approval of the Office of Personnel Management, may provide that–
>
> (1) an employee in a position requiring him regularly to remain at, or within the confines of, his station during longer than ordinary periods of duty, a substantial part of which consists of remaining in a standby status rather than performing work, shall receive premium pay for this duty on an annual basis instead of premium pay provided by other provisions of this subchapter, except for irregular, unscheduled overtime duty in excess of his regularly scheduled weekly tour. Premium pay under this paragraph is determined as an appropriate percentage, not in excess of 25 percent, of such part of the rate of basic pay for the position as does not exceed the minimum rate of basic pay for GS-10 . . .

Finally, plaintiff's personnel forms state in numerous places: "*+25.0% PREM . . . SPECIAL RATE UNDER 38 U.S.C. 7455." (*See e.g.*, Pl.'s Line, Ex. A, at 3, 17). 38 U.S.C. § 7455 in turn authorizes the Secretary to increase the basic pay of employees in the positions listed in § 7401(1) and (3). *See* 38 U.S.C. §§ 7455(a)(1), (2)(A).[5] Thus, plaintiff has failed to rebut the presumption that she serves by appointment and has failed to establish service by contract by a preponderance of the evidence. The Court lacks subject-matter jurisdiction over Count IV.

## C. Plaintiff's Claim for Breach of the Master Agreement (Count V)

Defendant argues that Count V fails to invoke this Court's jurisdiction and fails to state a claim on which relief can be granted because the Master Agreement itself provides that its grievance procedures are exclusive, and because a third-party beneficiary to a collective bargaining agreement cannot enforce that agreement in this Court. Plaintiff argues that the Master Agreement does not explicitly prohibit her from enforcing it in this Court. Further, plaintiff argues that although she might not be able to sue for money damages for breach of the Master Agreement because she is a third-party, she can request reinstatement of her standby pay– non-monetary relief.

### 1. Presumption of appointment.

As discussed above, for a federal employee to establish subject-matter jurisdiction for an employment contract claim in this Court, that employee must rebut the presumption that he or she serves by appointment. *See* discussion *supra* Part IV.B. Thus, to sue for breach of a collective bargaining agreement, a plaintiff must produce competent evidence establishing service by contract by a preponderance of the evidence. *See id.; Zaccardelli v. United States*, 68 Fed. Cl. 426, 433 (2005) (collective bargaining agreement was not a contract with the United States for purposes of Tucker Act jurisdiction because the terms of the plaintiffs' employment were governed exclusively by statute); *see also Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) (dismissing breach of collective bargaining agreement claim and citing *Chu*, 773 F.2d

---

[5]    38 U.S.C. §§ 7455(a)(1), (2)(A) provide:

> (a)(1) Subject to subsections (b), (c), and (d), when the Secretary determines it to be necessary in order to obtain or retain the services of persons described in paragraph (2), the Secretary may increase the minimum, intermediate, or maximum rates of basic pay authorized under applicable statutes and regulations. Any increase in such rates of basic pay–
>     (A) may be made on a nationwide basis, local basis, or other geographic basis; and
>     (B) may be made–
>       (i) for one or more of the grades listed in the schedules in subsection (b)(1) of section 7404 of this title;
>       (ii) for one or more of the health personnel fields within such grades; or
>       (iii) for one or more of the grades of the General Schedule under section 5332 of title 5.
>   (2) Paragraph (1) applies to the following:
>     (A) Individuals employed in positions listed in paragraphs (1) and (3) of section 7401 of this title.

6

at 1229, for the proposition that federal employees usually serve by appointment). As discussed above, plaintiff has failed to establish service by contract. *See* discussion *supra* Part IV.B. Significantly, plaintiff has failed to identify any provisions in the Master Agreement showing service by contract. Thus, the Court lacks subject-matter jurisdiction over Count V.

## 2. The Master Agreement's exclusivity provision.

Article 43, § 1 of the Master Agreement states that it provides the "exclusive procedure" for resolving employees' grievances.[6] (Def.'s Mot., Ex. A.) Section 2(A) defines "grievance" as "any complaint by an employee . . . concerning any matter relating to employment . . . ."[7] (*Id.*) The agreement lists exceptions, but plaintiff has not argued that any apply. (*See id.* at Art. 43, §§ 2-3.) The agreement outlines procedures for resolving grievances, but these procedures do not include filing suit in this Court. (*Id.* at Art. 43, § 7.)

In *Doe v. United States*, the United States Court of Appeals for the Federal Circuit considered a similar provision[8] in a collective bargaining agreement and held that it deprived this Court of jurisdiction over the plaintiffs' claim for breach of the agreement. 513 F.3d 1348, 1355 (Fed. Cir. 2008); *see also Todd*, 386 F.3d at 1094 ("appellants, in essence, seek to gain the benefit of the [collective bargaining agreement], and at the same time, to circumvent the exclusive grievance procedures of the contract."); *Whalen v. United States*, 93 Fed. Cl. 579, 603 (2010) (same); *Zaccardelli*, 68 Fed. Cl. at 433 (same). Thus, for this additional reason, the Court does not have subject-matter jurisdiction over Count V.

---

[6]     Article 43, § 1 provides in full:

> Section 1 - Purpose
> The purpose of this article is to provide a mutually acceptable method for prompt and equitable settlement of grievances. This is the exclusive procedure for Title 5, Title 38 Hybrids and Title 38 bargaining unit employees in resolving grievances that are within its scope, except as provided in Sections 2 and 3.

[7]     Article 43, § 2(A) provides in full:

> A grievance means any complaint by an employee(s) or the Union concerning any matter relating to employment, any complaint by an employee, the Union, or the Department concerning the interpretation or application of this Agreement and any supplements or any claimed violation, misinterpretation or misapplication of law, rule, or regulation affecting conditions of employment. The Union may file a grievance on its own behalf, or on behalf of some or all of its covered employees.

[8]     The collective bargaining agreement in *Doe* provided that its grievance procedure was "the exclusive procedure available to bargaining unit employees, the Union or the Administration for the resolution of grievances." 513 F.3d 1348, 1355 (Fed. Cir. 2008).

3. Plaintiff's standing as a third-party beneficiary.

In *Todd*, the Federal Circuit held that federal employees who were not parties to a collective bargaining agreement could not sue for breach of that agreement in this Court as third-party beneficiaries because they did not have a contract with the United States. 386 F.3d at 1094. Here, plaintiff alleges only that she was a third-party beneficiary of the Master Agreement, not that she was a party to it. (Amend. Compl. ¶ 32.) Thus, she cannot sue for breach of the Master Agreement in this Court. Further, she cannot circumvent *Todd* by requesting equitable relief. Count V's defect is not that it seeks money damages, but that it is based on a collective bargaining agreement to which plaintiff is not a party. Also, this Court may only grant equitable relief where it is "tied and subordinate" to a money judgment. 28 U.S.C. § 1491(a)(2);[9] *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998). Thus, again, the Court does not have jurisdiction over Count V.

## V. CONCLUSION

The Court grants defendant's Motion to Dismiss in Part, and Counts II-V of plaintiff's Amended Complaint are dismissed.

s/Lawrence S. Margolis
LAWRENCE S. MARGOLIS
Senior Judge, U.S. Court of Federal Claims

---

[9]     28 U.S.C. § 1491(a)(2) provides:

> To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just. . . .